IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **REGINALD M. BROWN,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 3:22-cv-3107-DWD |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court is Petitioner's Motion for Reconsideration (Doc. 5) of the designation of this case as a mandamus action rather than a habeas corpus action, as suggested by Petitioner's Application for Writ of Habeas Corpus ("Application") (Doc. 1). The Court **GRANTS** that request and **DIRECTS** Petitioner to take the necessary steps for paying the filing fee or proceeding *in forma pauperis*. (Doc. 3). The failure to pay the fee or to file a Motion and Affidavit to Proceed in the District Court Without Prepaying Fees or Costs, within 30 days of this date, could result in a dismissal of the case. (Doc. 3).

Next, the basis for the Application is not entirely clear. Petitioner states the Application is brought "in its original form and not in the form of 28 U.S.C. 2255 due to issues of lack of jurisdiction on the original court[,] who was operating beyond its authority as well as the UNITED STATES which was operating out of its jurisdiction in 2 separate instances." (Doc. 1, pg. 1). However, Petitioner is confined at the Federal Correctional Institution in El Reno, Oklahoma. (Doc. 1, pg. 9). Therefore, if Petitioner does

not wish to proceed under § 2255, then it is unclear why his Application was filed with this Court against the United States of America. *See al-Marri v. Rumsfeld*, 360 F.3d 707, 712 (7th Cir. 2004) ("[W]hen there is only one custody and one physical custodian, that person is the proper respondent, and the district in which the prison is located [is] the proper district[] for proceeding under [28 U.S.C.] §2241(a)."); *accord Mitchell v. Bledsoe*, No. 06-624, 2009 WL 3156689, *1 (S.D. Ill. Sept. 28, 2009); *see also Bridges v. Chambers*, 425 F.3d 1048, 1050 (7th Cir. 2005) ("[W]hen the [habeas] petitioner is in federal…custody, the petitioner's *immediate* custodian—the warden of the prison or other facility in which the petitioner is confined—is the only proper respondent.").

In any event, the Court **FINDS** additional information related to Petitioner's Application is necessary before the Court's preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] [2] Under 28 U.S.C. § 2242, the Application "shall allege the facts concerning the applicant's commitment or detention, the name of the person who has custody over him[,] and by virtue of what claim or authority, if known." At present, Petitioner's Application does not include that information. Similarly, under Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts, an Application must, among other things, specify all the grounds for relief available to a petitioner, state the facts supporting each ground, and

---

[1] Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

[2] Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts states: "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)." Therefore, the Court may apply those rules in the present case. *See Hudson v. Helman*, 948 F. Supp. 810 (C.D. Ill. 1996) (citing *Kramer v. Jenkins*, 108 F.R.D. 429, 431 (N.D. Ill. 1985)).

state the relief requested. *See* Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. Again, the Application raises jurisdictional arguments and cites certain legal authorities, but it is otherwise deficient as to the specific facts surrounding Petitioner's conviction, sentence, and prior attempts at postconviction relief.

Therefore, Petitioner is **DIRECTED** to file a Supplement to the Application for Writ of Habeas Corpus by **May 19, 2023**. To assist Plaintiff in this task, the Clerk of the Court is **DIRECTED** to send Petitioner the form Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 and the related instructions.[3] As discussed above, the exact basis for the Application is unclear, but the Court emphasizes "challenges [to] the imposition of [Petitioner's] sentence…is a contention ordinarily raised only under [28 U.S.C.] § 2255, [citation], whereas challenges to the execution of a sentence are generally brought under § 2241." *See McCall v. U.S.*, 304 Fed. Appx. 449, 450 (7th Cir. 2008) (citing *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003); *Valona v. U.S.*, 138 F.3d 693, 694 (7th Cir. 1998)).

**SO ORDERED.**

Dated: April 5, 2023

s/ *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge

---

[3] Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts requires as follows: "The petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule."

3